**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

FEDERATION OF THE SWISS
WATCH INDUSTRY FH,

Plaintiff,

vs.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

Defendants.
_______________________________________/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, Federation of the Swiss Watch Industry FH (the "Federation" or "Plaintiff"), hereby sues Defendants, the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A" (collectively "Defendants"). Defendants are promoting, selling, offering for sale, and/or distributing goods using counterfeits and confusingly similar imitations of the Federation's certification trademarks within this district through various Internet based e-commerce stores operating under the seller names identified on Schedule "A" (the "E-commerce Store Names"). In support of its claims, Plaintiff alleges as follows:

**SUBJECT MATTER JURISDICTION**

1. This is an action for damages and injunctive relief for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement, pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), The All Writs Act, 28 U.S.C. § 1651(a), and Florida's common law. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law

claims because those claims are so related to the federal claims that they form part of the same case or controversy.

**PERSONAL JURISDICTION**

2. Each Defendant is subject to personal jurisdiction in this district, because they each purposefully direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through at least the internet-based e-commerce stores that are accessible, accessed, viewed, and doing business in Florida by operating the E-commerce Store Names.

3. Defendants have each created United States-facing storefronts and target their business activities toward consumers throughout the United States and Florida, including within this district, through at least, the operation of the commercial Internet based e-commerce stores under their respective E-commerce Store Names.

4. Each Defendant has purposefully engaged in a commercial transaction using its E-commerce Store Name by accepting an order for the sale of a watch bearing counterfeits and confusingly similar imitations of the Federation's certification trademarks, agreeing to ship the watch to a consumer in the Southern District of Florida, and providing its specific financial account information to finalize payment the watch.

5. Each Defendant has established a commercial presence in the United States market such that each Defendant's claim-related conduct bears a meaningful relationship with the United States.

6. Alternatively, based on their overall contacts with the United States, each Defendant is subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) each Defendant is not subject to jurisdiction in any state's court of

general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since each Defendant is, upon information and belief, a non-resident in the United States and engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products into this district.

## THE PLAINTIFF

8. The Federation is a non-profit trade association with its principal place of business in Biel/Bienne, Switzerland. The Federation and its predecessors have been protecting the interests of the Swiss watch industry for more than 150 years. The Federation is the Swiss watch industry's leading trade association with nearly 500 members, representing more than 90% of all Swiss watch manufacturers. The Federation is authorized by the Swiss government to enforce the standards established by Swiss law concerning the geographical origin and quality associated with Swiss watches and other horological instruments. As part of its efforts to protect the use the Swiss geographical designation for watches and other horological instruments, the Federation obtained certification trademarks for the terms Swiss and Swiss Made, including the world-famous common law and federally registered trademarks identified in Paragraph 20 below.

9. Goods bearing the Federation's registered certification trademarks set forth below are offered for sale and sold by the Federation's members and/or their licensees through various channels of trade within the State of Florida, including this district, and throughout the United States. Defendants, through the offer to sell and sale of goods using counterfeit and infringing versions of the Federation's trademarks, are directly, and unfairly, competing with the Federation's

members' economic interests in the United States, including within the State of Florida and causing the Federation and its members irreparable harm and damage within this jurisdiction. Furthermore, through the sale of watches using counterfeits and infringements of the Federation's certification trademarks, Defendants are causing a common harm to the Federation and its members, namely diminution of the value associated with the overall market for genuine, certified Swiss made watches, resulting in further harm to the Federation and its members.

10. Like many other famous trademark owners, the Federation suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit the Federation's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across their e-commerce stores. The natural and intended byproduct of Defendants' combined actions is the erosion and destruction of the goodwill associated with the Federation's famous trademarks, as well as the destruction of the legitimate market sector in which the Federation's members operate.

11. To combat the indivisible harm caused by the concurrent actions of Defendants and others engaging in similar conduct, each year the Federation expends significant resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement. In 1999, the Federation created the Anti-Counterfeiting Group, which was established to combat common sources of counterfeit goods which cause a common harm to its members' respective brands, individually and to the Swiss watch industry in its entirety, which results in further harm to each member's brand. Since 1999, the Federation through its anti-counterfeiting division, has worked with international law enforcement and government agencies to conduct raids and investigations of counterfeit operations, as well as raise

public awareness regarding the issue. The aim of the Federation is to contribute to the protection and development of the Swiss Watch Industry, to represent the latter to the Swiss authorities and to foreign and international authorities, and to defend the interests of its members on a judicial level.

12. The exponential growth of counterfeiting over the Internet, including through online marketplace and social media platforms, has created an environment that require trademark owners such as the Federation to expend significant resources across a wide spectrum of efforts to protect both consumers and themselves from the confusion and erosion of the goodwill embodied in the Federation's trademarks.

**THE DEFENDANTS**

13. Defendants are individuals, business entities of unknown makeup, or unincorporated associations each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to Florida consumers. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

14. Defendants use aliases in conjunction with the operation of their businesses, including but not limited to those identified by Defendant Number on Schedule "A."

15. Defendants are the past and/or present controlling forces behind the sale of products using counterfeits and infringements of the Federation's trademarks as described herein.

16. Each Defendant directly engages in unfair competition with the Federation and its members by advertising, offering for sale and/or selling goods each using counterfeits and infringements of one or more of the Federation's trademarks to consumers within the United States

and this district through e-commerce stores using, at least, the E-commerce Store Names, and additional e-commerce stores or aliases not yet known to the Federation. Each Defendant has purposefully directed some portion of its unlawful activities toward consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of goods bearing counterfeits and infringements of the Federation's trademarks into the State.

17. Defendants have registered, established, or purchased, and maintained their E-commerce Store Names, and the e-commerce stores operating thereunder. Defendants may have engaged in fraudulent conduct with respect to the registration or maintenance of the E-commerce Store Names by providing false and/or misleading information during the registration or maintenance process related to their respective E-commerce Store Names. Defendants have anonymously registered and/or maintained their E-commerce Store Names for the sole purpose of engaging in unlawful counterfeiting and infringing activities.

18. Defendants will likely continue to register or acquire new e-commerce store names or aliases, as well as related payment accounts, for the purpose of selling and/or offering for sale goods using counterfeit and confusingly similar imitations of the Federation's trademarks unless enjoined.

19. Defendants' E-commerce Store Names, associated payment accounts, and any other alias e-commerce store names used in connection with the sale of counterfeit and infringing goods using the Federation's trademarks are essential components of Defendants' online activities and are how Defendants further their counterfeiting and infringement scheme and cause harm to the Federation and its members. Moreover, Defendants are using the Federation's famous trademarks to drive Internet consumer traffic to their e-commerce stores operating under the E-commerce Store Names, thereby increasing the value of the E-commerce Store Names, and

decreasing the size and value of the Federation and its members' legitimate marketplace and intellectual property rights at the Federation and its members' expense.

## COMMON FACTUAL ALLEGATIONS

### The Federation's Rights

20. The Federation is the owner of the following certification trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Swiss Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| SWISS MADE | 3,038,819 | January 10, 2006 | IC A. Horological and chronometric instruments, namely, watches, clocks and their component parts and fittings thereof. |
| SWISS | 3,047,277 | January 24, 2006 | IC A. Horological and chronometric instruments, namely, watches, clocks and their component parts and fittings thereof |

The Swiss Marks are used in connection with the certification of watches and other horological instruments of Swiss origin in the category identified above. True and correct copies of the Certificates of Registration for the Swiss Marks are attached hereto as Composite Exhibit "1."

21. Long before Defendants began their infringing activities complained of herein, the Swiss Marks have been used in interstate commerce to identify watches and other horological instruments made in Switzerland in accordance with the standards established by the Federation according to Swiss law.

22. The Swiss Marks may be licensed by any watch manufacturer that complies with certification standards set forth by the Federation and Swiss law. Members of the Federation are automatically licensed to use the Swiss Marks because compliance with the standards is a required prerequisite for membership. Additionally, the Federation grants a license for use the Swiss Marks

to non-members that manufacture watches in accordance with the Federation's certification standards for the use of the Swiss Marks.

23. The Swiss Marks have never been licensed to any of the Defendants in this matter.

24. The Swiss Marks are symbols of quality, reputation, and goodwill and have never been abandoned.

25. Further, the Federation expends substantial resources developing and otherwise promoting the Swiss watch industry and ensuring watches and other horological instruments comply with the Federation's exacting certification standards in effort to guarantee that consumers can expect certain quality attributes from watches, including components thereof, permitted to use the Swiss Marks.

26. The Federation carefully monitors and polices the use of the Swiss Marks.

27. As a result of the Federation's efforts, members of the trade and consuming public readily identify merchandise bearing or sold using the Swiss Marks as being goods that comply with the standards set by the Swiss government to certify the geographical origin and quality associated with Swiss watches and other goods.

28. Accordingly, the Swiss Marks have achieved secondary meaning among consumers as identifiers of watches renowned for quality and excellence and originating from Switzerland.

29. Genuine goods using the Swiss Marks are widely legitimately advertised and promoted by the Federation and its members, authorized distributors, and unrelated third parties via the Internet. Visibility on the Internet, particularly via Internet search engines and social media platforms, is important to the Federation and its members' overall marketing and consumer education efforts. Thus, the Federation and its members expend significant monetary and other resources on Internet marketing and consumer education, including search engine optimization,

search engine marketing, and social media strategies. Those strategies allow the Federation and its members to educate consumers fairly and legitimately about the value associated with the Swiss Marks and the goods certified thereunder.

**<u>Defendants' Infringing Activities</u>**

30. Defendants are each promoting, advertising, distributing, offering for sale, and/or selling watches and other horological instruments in interstate commerce using counterfeits and confusingly similar imitations of one or more of the Swiss Marks (the "Counterfeit Goods") through at least the e-commerce stores operating under their E-commerce Store Names. Specifically, Defendants are using the Swiss Marks to initially attract online consumers and drive them to Defendants' e-commerce stores operating under the E-commerce Store Names. Defendants are each using identical copies of one or more of the Swiss Marks for different quality goods. The Federation has used the Swiss Marks extensively and continuously before Defendants began offering their Counterfeit Goods.

31. Defendants' Counterfeit Goods are of a quality, standard, and origin substantially different than that of goods using genuine versions of the Swiss Marks. Defendants are actively using, promoting and otherwise advertising, distributing, offering for sale, and/or selling substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high-quality goods certified by the Federation, despite Defendants' knowledge that they are without authority to use the Swiss Marks. Defendants' actions are likely to cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe all of Defendants' goods are genuine goods originating from, associated with, approved, and/or certified by the Federation.

32. Defendants advertise their e-commerce stores, including their Counterfeit Goods, to the consuming public via at least the e-commerce stores operating under the E-commerce Store Names. In so doing, Defendants improperly and unlawfully use the Swiss Marks without authority.

33. Defendants are concurrently employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an unauthorized use of counterfeits and infringements of the Swiss Marks. Specifically, Defendants are using counterfeits and infringements of the Swiss Marks to make their e-commerce stores selling unauthorized goods appear more relevant and attractive to consumers searching for certified Swiss made watches and information online. By their actions, Defendants are contributing to the creation and maintenance of an unlawful marketplace operating in parallel to the legitimate marketplace for genuine, certified Swiss made watches bearing the Swiss Marks. Defendants are causing individual, concurrent and indivisible harm to the Federation, its members, and the consuming public by (i) depriving the Federation of its right to fairly compete for space online and within search engine results and reducing the visibility of genuine, certified Swiss made watches bearing the Swiss Marks on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Swiss Marks, and (iii) increasing the Federation and its members' overall cost to market and educate consumers about their brands via the Internet.

34. Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and cause harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding the Federation, its members, and the consuming public for Defendants' own benefit.

35. At all times relevant hereto, Defendants had full knowledge of the Federation's ownership of the Swiss Marks, including its exclusive right to license such intellectual property and the goodwill associated therewith.

36. Defendants' use of the Swiss Marks, including the promotion and advertisement, reproduction, distribution, offering for sale, and sale of their Counterfeit Goods, is without the Federation's consent or authorization.

37. Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to the Federation's rights for the purpose of trading on the Federation's goodwill and reputation.

38. Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers into believing there is a connection or association between genuine goods using the Swiss Marks and Defendants' Counterfeit Goods, which there is not.

39. Given the visibility of Defendants' various e-commerce stores and the similarity of their concurrent actions, it is clear Defendants are either affiliated, or at a minimum, cannot help but know of each other's existence and the unified harm likely to be caused to the Federation and its members and the overall consumer market in which they operate as a result of Defendants' concurrent actions.

40. Although some Defendants may be physically acting independently, they may properly be deemed to be acting in concert because the combined force of their actions serves to multiply the harm caused to the Federation and its members.

41. Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' trademark counterfeiting and infringing and unfairly competitive activities connected to their E-commerce Store Names and any other alias or e-commerce store names used and/or controlled by them.

42. Further, Defendants are, upon information and belief, likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to the Federation.

43. The Federation has no adequate remedy at law.

44. The Federation and its members are suffering irreparable injury and have suffered substantial damages because of Defendants' unauthorized and wrongful use of the Swiss Marks. If Defendants' counterfeiting and infringing and unfairly competitive activities are not enjoined by this Court, the Federation, its members, and the consuming public will continue to be harmed while Defendants wrongfully earn a substantial profit.

45. The harm and damages sustained by the Federation and its members has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

**COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)**

46. The Federation hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 45 above.

47. This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Swiss Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and/or sale of the Counterfeit Goods.

48. Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods using counterfeits and/or infringements of the Swiss Marks. Defendants are continuously infringing and inducing others to infringe the Swiss Marks by using the Swiss Marks to advertise, promote, offer to sell, and/or sell goods using counterfeits and infringements of the Swiss Marks.

49. Defendants' concurrent counterfeiting and infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the general consuming public as to the origin, quality, and certification of Defendants' Counterfeit Goods.

50. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages and irreparable harm to the Federation and its members and is unjustly enriching Defendants with profits at the Federation and its members' expense.

51. Defendants' above-described unlawful actions constitute counterfeiting and infringement of the Swiss Marks in violation of the Federation's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

52. The Federation has no adequate remedy at law. The Federation and its members have suffered and will continue to suffer irreparable injury and damages because of Defendants' above-described activities if Defendants are not enjoined. Additionally, Defendants will continue to wrongfully profit from their unlawful activities.

**COUNT II - FALSE DESIGNATION OF ORIGIN**
**PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

53. The Federation hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 45 above.

54. Defendants' Counterfeit Goods bearing, offered for sale and sold using copies of the Swiss Marks have been widely advertised and offered for sale throughout the United States via the Internet.

55. Defendants' Counterfeit Goods bearing, offered for sale and sold using copies of the Swiss Marks are virtually identical in appearance to genuine goods bearing the Swiss Marks. However, Defendants' Counterfeit Goods are different in quality and are not authorized to reflect they have met the certification standards for the geological origin associated with Swiss watches. Accordingly, Defendants' activities are likely to cause confusion among consumers as to at least the quality, association, origin, or sponsorship of their Counterfeit Goods.

56. Defendants have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or symbols and trade dress which falsely describe or represent such goods and have caused such goods to enter commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the Federation's detriment.

57. Defendants have each authorized infringing uses of one or more of the Swiss Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods.

58. Additionally, many Defendants have simultaneously used counterfeits and infringements of the Swiss Marks to unfairly compete with the Federation, its members, and others for space online. Defendants have thereby (i) deprived the Federation and its members of valuable marketing and educational space online which would otherwise be available to the Federation and its members, and (ii) reduced the visibility of genuine goods using the Swiss Marks on the World Wide Web and across social media platforms.

59. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

60. The Federation has no adequate remedy at law. The Federation and its members have suffered and will continue to suffer both individual and indivisible injury and damages caused by Defendants' concurrent conduct if Defendants are not enjoined. Additionally, Defendants will continue to wrongfully profit from their unlawful activities.

**COUNT III - COMMON LAW UNFAIR COMPETITION**

61. The Federation hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 45 above.

62. This is an action against Defendants based on their promotion, advertisement, distribution, offering for sale, and/or sale of goods using or bearing marks which are virtually identical to the Swiss Marks, in violation of Florida's common law of unfair competition.

63. Specifically, Defendants are each promoting and otherwise advertising, selling, offering for sale, and distributing goods using counterfeits and infringements of one or more of the Swiss Marks. Many Defendants have also each used counterfeits and infringements of one or more of the Swiss Marks to unfairly compete with the Federation, its members, and others for (i) space in search engine and social media results across an array of search terms and/or (ii) visibility on the World Wide Web.

64. Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' e-commerce stores as a whole and all products sold therein by their use of the Swiss Marks.

65. The Federation has no adequate remedy at law. The Federation and its members have suffered and will continue to suffer irreparable injury and damages because of Defendants'

above-described activities if Defendants are not enjoined. Additionally, Defendants will continue to wrongfully profit from their unlawful activities.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

66. The Federation hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 45 above.

67. The Federation is the owner of all common law rights in and to the Swiss Marks.

68. This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and/or sale of their Counterfeit Goods using the Swiss Marks.

69. Specifically, each Defendant is promoting and otherwise advertising, distributing, offering for sale, and selling goods using or bearing infringements of the Swiss Marks.

70. Defendants' infringing activities are likely to cause and are causing confusion, mistake and deception among consumers as to the origin and quality of Defendants' Counterfeit Goods bearing the Swiss Marks.

71. The Federation has no adequate remedy at law. The Federation and its members have suffered and will continue to suffer irreparable injury and damages because of Defendants' above-described activities if Defendants are not enjoined. Additionally, Defendants will continue to wrongfully profit from their unlawful activities.

## PRAYER FOR RELIEF

72. WHEREFORE, the Federation demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a. Entry of a permanent injunction pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and Federal Rule of Civil Procedure 65 enjoining Defendants, their

agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Swiss Marks; from using the Swiss Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Federation; from falsely representing themselves as being connected with the Federation, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with the Federation; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Swiss Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of the Federation, or in any way endorsed by the Federation and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of the Swiss Marks; and from otherwise unfairly competing with the Federation.

b. Entry of a permanent injunction pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial

services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits of the Swiss Marks.

c. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that upon the Federation's request, those acting in concert or participation as service providers to Defendants, who have notice of an injunction issued by the Court, cease hosting, facilitating access to, or providing any supporting service to any and all e-commerce stores, including but not limited to the E-commerce Store Names, through which Defendants engage in the promotion, offering for sale and/or sale of goods bearing and/or using counterfeits and/or infringements of the Swiss Marks.

d. Entry of an order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon the Federation's request, Defendants and the top level domain (TLD) Registry for each of the E-commerce Store Names, or their administrators, including backend registry operators or administrators, place the E-commerce Store Names, and any other e-commerce store name or domain name being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing and/or using counterfeits and infringements of the Swiss Marks, on Registry Hold status for the remainder of the registration period for any such e-commerce store name or domain name, thus removing them from the TLD zone files which link the E-commerce Store Names, and any other e-commerce store names or domain names used by Defendants, to the IP addresses where the associated e-commerce stores names are hosted.

e. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, canceling for the life of the current registration or, at the Federation's election, transferring the E-commerce Store Names, and any other e-commerce store

names used by Defendants to engage in their counterfeiting of the Swiss Marks, to the Federation's control so they may no longer be used for unlawful purposes.

f. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing the Federation to serve an injunction issued by the Court on the e-commerce store registrar(s) and/or the privacy protection service(s) for the E-commerce Store Names to disclose to the Federation the true identities and contact information for the registrants of the E-commerce Store Names.

g. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing the Federation to serve an injunction issued by the Court on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are or have been used by Defendants in connection with Defendants' promotion, offering for sale, and/or sale of goods using counterfeits and/or infringements of the Swiss Marks.

h. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and the Court's inherent authority authorizing the Federation to request any Internet search engines or service provider referring or linking users to any Uniform Resource Locator ("URL") of the E-commerce Store Names, which are provided with notice of the order, to permanently disable, de-index or delist all URLs of the E-commerce Store Names and/or permanently disable the references or links to all URLs of the E-commerce Store Names used by Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Swiss Marks, based upon Defendants' unlawful activities being conducted via the E-commerce Store Names as a whole and via any specific URLs identified by the Federation

i. Entry of an order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring Defendants, their agent(s) or assign(s), to assign all rights, title, and interest, to their E-commerce Store Name(s), and any other e-commerce store names being used by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Swiss Marks, to the Federation and, if within five (5) days of entry of such order Defendants fail to make such an assignment, the Court order the act to be done by another person appointed by the Court at Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

j. Entry of an order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring Defendants, their agent(s) or assign(s), to instruct in writing all search engines to permanently delist or deindex the E-commerce Store Name(s), and any other e-commerce store names being used by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Swiss Marks, and, if within five (5) days of entry of such order Defendants fail to make such a written instruction, the Court order the act to be done by another person appointed by the Court at Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

k. Entry of an order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring, upon the Federation's request, Defendants to request in writing permanent termination of any messaging services, e-commerce stores names, usernames, and social media accounts they own, operate, or control on any messaging service and social media platform.

l. Entry of an order requiring Defendants to account to and pay the Federation for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to the Federation be trebled, as provided for

under 15 U.S.C. §1117, or, that the Federation be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product type offered for sale or sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

m. Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of the Federation's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

n. Entry of an order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and the Court's inherent authority that, upon the Federation's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, e-commerce shipping partner, fulfillment center, warehouse, storage facility, or marketplace platforms, and their related companies and affiliates, identify, restrain, and be required to surrender to the Federation all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the E-commerce Store Names, or other alias e-commerce store names or domain names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), and remain restrained until such funds are surrendered to the Federation in partial satisfaction of the monetary judgment entered herein.

o. Entry of an award of pre-judgment interest on the judgment amount.

p. Entry of an order requiring Defendants, at the Federation's request, to pay the cost necessary to correct any erroneous impression the consuming public may have received or derived concerning the nature, characteristics, or qualities of Defendants' products, including

without limitation, the placement of corrective advertising and providing written notice to the public.

q. Entry of an order for any further relief as the Court may deem just and proper.

DATED: November 20, 2026.

Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez(Fla. Bar. No. 103372)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: Stephen@smgpa.cloud
E-mail: Leo@smgpa.cloud
E-mail: Raquel@smgpa.cloud

Attorneys for Plaintiff,
Federation of the Swiss Watch Industry FH

**SCHEDULE “A”**

**[This page is the subject of Plaintiff’s Motion to File Under Seal. As such, this page has been redacted in accordance with L.R. 5.4(b)(1)]**